UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT AND JURY TRIAL DEMAND |
| BENNI'S, LLC, d/b/a BENNIGAN'S | ) ) | |
| Defendant. | ) ) | |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex by Benni's, LLC, d/b/a Bennigan's (hereinafter "Bennigan's" or "Defendant"), and to make whole Stefanie Horowitz (hereinafter "Horowitz") and a class of other similarly situated women affected by Defendant's discriminatory practices. As alleged in greater detail in paragraph 7 below, Defendant subjected Horowitz to discrimination on the basis of sex by creating and failing to remedy a hostile work environment on the basis of sex and by constructively discharging Horowitz.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Connecticut.

1

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a New York corporation doing business in the State of Connecticut, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

### Count I

6.      More than thirty days prior to the institution of this lawsuit, Horowitz filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least 2003, Defendant has engaged in unlawful employment practices in violation of Section 703 (a) of Title VII, 42 U.S.C. §2000 e-2(a). These practices included, but are not limited to, the following:

      a)      Managers at Defendant's Stamford, Connecticut, location subjected Horowitz and a class of other similarly situated women to offensive, sexually harassing conduct including, but not limited to, unwanted and inappropriate touching, sexual advances, sexual comments, and other unwelcome and offensive conduct, which created

a sexually hostile work environment. Examples include, but are not limited to, the following:

    i)    Horowitz was subject to inappropriate, unwanted touching by several of her male managers. Aris Konstantinidis ("Konstantinidis"), a District Manager/Director of Operations, frequently kissed Horowitz and other female employees on the back of their necks while commenting on their beauty. A manager responsible for training Horowitz, Eli Reed, also pinched and grabbed her buttocks repeatedly. A kitchen manager, Tino Popsescu ("Popescu"), followed Horowitz into a storage closet, flickering the lights and saying "Three hours in here with me baby…." When Horowitz attempted to leave the closet, Popescu blocked her path, grabbed her wrist, and jerked her towards him. After Horowitz demanded Popescu let her go and exclaimed that he was hurting her, Popescu pulled her closer and kissed her hand before releasing her.

    ii)    Although Horowitz rebuffed their sexual advances and expressed her discomfort with their sexual comments, several of the male managers at Bennigan's repeatedly made sexually suggestive remarks, often in the presence of other women, that included, but were not limited to: Konstantinidis's repeated attempts to get Horowitz and other women to go out with him; General Manager Mike Barndollar's (Barndollar) requests that Horowitz date him or go with him to a storage area in the back of the restaurant reputed to be the site of previous sexual encounters between employees; Barndollar's numerous remarks about oral sex and the size of Horowitz's breasts and buttocks, and his desire to rub his face on her chest; and Popescu's fabricated claim that money was missing from

Horowitz's drawer and his subsequent assurance that he would overlook the missing money if Horowitz would give him a kiss.

b) When Horowitz complained to supervisors about the harassing conduct, including two female managers and the woman Horowitz believed to be an owner of the restaurant, her complaints were ignored and met with comments like "He's a dirty man," and "Sorry to hear that, honey."

c) Defendant failed to distribute any sexual harassment policy to Horowitz and other women, and it failed to train its managers regarding sexual harassment.

d) As a result of the harassment and Defendant's failure to respond appropriately to her requests that something be done to stop the harassment, Horowitz felt that she could not return to work for Defendant and was constructively discharged.

8. Defendant's practices complained of in paragraph 7 above deprived Horowitz and other similarly situated individuals of equal employment opportunities and otherwise adversely affected their employment because of their sex.

9. Defendant's unlawful employment practices complained of in paragraph 7 above were intentional.

10. Defendant's unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Horowitz and other similarly situated women.

**Count II**

11. Paragraphs 1 through 10 are incorporated herein as if fully set out at length.

12. Defendant destroyed its personnel records during renovations in July 2004.

13.     Defendant failed to preserve personnel records in violation of Title VII and 29 C.F.R. §1602.14.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, it's officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of sex;

B.     Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees, and which eradicate the effects of Defendant's past and present unlawful employment practices, including training of all employees and counseling for those found to have sexually harassed employees;

C.     Order Defendant to make whole all those individuals affected by the unlawful employment practices described above, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D.     Order Defendant to make whole all of those individuals adversely affected by the unlawful employment practices described above by providing compensation for non-pecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial;

E.     Order Defendant to pay all those individuals adversely affected by the unlawful employment practices described above punitive damages for their malicious and/or reckless conduct in amounts to be determined at trial.

F.     Order Defendant to comply with 29 C.F.R. §1602.14.

G.     Grant such further relief as the Court deems necessary and proper.

H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: Boston, Massachusetts
August 16, 2006

                Respectfully submitted,

                Ronald S. Cooper
                General Counsel
                James L. Lee
                Deputy General Counsel
                Gwendolyn Y. Reams
                Associate General Counsel
                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                1801 L Street, N.W.
                Washington, D.C.   20507


                /s/ Elizabeth Grossman
                Elizabeth Grossman
                Regional Attorney
                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                New York District Office
                33 Whitehall St., 5th Floor
                NY, NY 10004-2112
                (212) 336-3696
                Elizabeth.Grossman@eeoc.gov


                /s/ Markus L. Penzel
                Markus L. Penzel (ct03381)
                Senior Trial Attorney
                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                Boston Area Office
                John F. Kennedy Federal Building
                Room 475
                Boston, MA 02203-0506
                (617) 565-3193
                markus.penzel@eeoc.gov